UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TODD HAELY,

      Plaintiff,

      v.                            Case No. 8:12-CV-89-T-17TGW

SHERIFF GRADY JUDD, in his official
capacity as Sheriff of Polk County, Florida
and STEPHEN BAGGETT,

      Defendants.

_____/

## ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 1 | Complaint |
| Dkt. 5 | Defendants' Motion to Dismiss |
| Dkt. 6 | Response to Motion to Dismiss |

Plaintiff, Todd Healy ("Plaintiff" or "Healy"), filed the instant twelve-count

complaint on January 17, 2012, alleging the following claims against Polk County

Sheriff Grady Judd ("Sheriff" or "Judd") and Deputy Sheriff Stephen Baggett ("Baggett"):

| | |
|---|---|
| Count I | 42 U.S.C. § 1983 Against Baggett—Individual Capacity |
| Count II | 42 U.S.C. § 1983 Against Baggett—Official Capacity |
| Count III | Assault Against Sheriff—Official Capacity |
| Count IV | Assault Against Baggett—Individual Capacity |
| Count V | Battery Against Sheriff—Official Capacity |
| Count VI | Battery Against Baggett—Individual Capacity |
| Count VII | Negligence-Vicarious Liability Against Sheriff—Official Capacity |
| Count VIII | Negligent Hiring and Training Against Sheriff—Official Capacity |
| Count IX | False Arrest Against Baggett—Individual Capacity |
| Count X | False Arrest Against Sheriff—Official Capacity |

Case No. 8:12-CV-89-T-17TGW

    Count XI      False Imprisonment Against Baggett—Individual Capacity
    Count XII     False Imprisonment Against Sheriff—Official Capacity

    The following facts, gleaned from Plaintiff's Complaint (Dkt. 1), are taken as true

for purposes of this motion.

## BACKGROUND

    Plaintiff alleges that on January 26, 2011, Baggett, acting as a Polk County

Sheriff's deputy, "illegally arrested/detained/Baker Acted the Plaintiff Healy after the

Plaintiff had called the sheriff's office to report a burglary of his residence." (Dkt. 1, ¶

6). It is unclear from Plaintiff's complaint whether he was actually arrested for a criminal

offense in addition to being taken into custody for an "involuntary examination" pursuant

to the Florida Mental Health Act, Fla. Stat. § 394.463 (2012) ("Baker Act"). At any rate,

Plaintiff alleges that his "arrest" stemmed from the fact that "Defendant Baggett was

annoyed with the Plaintiff having reported earlier burglaries in the two years prior" and

that, as a result, Baggett "illegally arrested/detained/Baker Acted the Plaintiff as a ploy

to deter further reporting of crimes by the Plaintiff." (Dkt. 1, ¶ 8). Following his "arrest,"

Plaintiff was detained at Lakeland Regional Medical Center for two days under the care

of physicians. (Dkt. 1, ¶ 12). As a result, Plaintiff claims he lost time from work and

suffered mental anguish; he brings suit for redress of those injuries.   (Dkt. 1, ¶ 12).

## STANDARD OF REVIEW

    Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint

lay out "a short and plain statement of the claim showing that the pleader is entitled to

relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds

Case No. 8:12-CV-89-T-17TGW

upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). That said, "[w]hile a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S 544, 555 (2007)

(internal quotation marks and citation omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010)

(quoting *Twombly,* 550 U.S. at 570). In considering a motion to dismiss, courts follow a

simple, two-pronged approach: "1) eliminate any allegations in the complaint that are

merely legal conclusions; and 2) where there are well-pleaded factual allegations,

'assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950

(2009)). In sum, the "pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but demands more than an unadorned, the defendant-unlawfully-

harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555).

## DISCUSSION

Though it is difficult to discern from the face of the complaint whether Plaintiff

was actually "arrested" and charged with a criminal offense in addition to being taken to

the hospital for an involuntary examination, at the very least Plaintiff's two-day

3

Case No. 8:12-CV-89-T-17TGW

examination at Lakeland Medical Center suggests that he was the subject an

involuntary examination pursuant to the Baker Act, and the Court treats his claims as

such for the purposes of this motion. *See* Fla. Stat. § 394.463(2)(a)(2) ("A law

enforcement officer shall take a person who appears to meet the criteria for involuntary

examination into custody and deliver the person or have him or her delivered to the

nearest receiving facility for examination.").

### A. Count I—42 U.S.C. § 1983 Against Baggett—Individual Capacity

In Count I, Haely contends that Baggett violated his constitutional rights by

detaining him for purposes of an involuntary examination under the Baker Act. At the

outset, the Court notes that Plaintiff does not attack the Baker Act as facially

unconstitutional. He rather objects to the application of the Baker Act to him in this

particular instance. Further, Haely does not base his § 1983 action on a violation of the

Baker Act itself. And that makes good sense, too, given that a plaintiff "may not

maintain a Section 1983 claim based on a violation of Florida's Baker Act, as the Baker

Act is not a federal constitution or law of the United States." *Constantino v. Madden*,

No. 8:02-cv-1527-T-27TGW, 2003 WL 22025477, at *4 (M.D. Fla. Apr. 1, 2003).

Thus, Plaintiff's claim against Baggett individually is—as it must be—based upon

Baggett's alleged violation of Plaintiff's federal constitutional rights, specifically Plaintiff's

Fourth Amendment right to be free from unreasonable searches and seizures and his

Fourteenth Amendment right not to be deprived of his liberty without due process of

4

Case No. 8:12-CV-89-T-17TGW

law. (Dkt. 1, ¶ 17). "As the Supreme Court has explained, '[t]o state a claim for relief in

an action brought under § 1983, [plaintiffs] must establish that they were deprived of a

right secured by the Constitution or laws of the United States, and that the alleged

deprivation was committed under color of state law.'" *Focus on the Family v. Pinellas*

*Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (alterations in

original) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 49, 49–50 (1999)).

Additionally, in cases such as this, "[t]he defense of qualified immunity

completely protects government officials performing discretionary functions from suit in

their individual capacities unless their conduct violates 'clearly established statutory or

constitutional rights of which a reasonable person would have known.'" *Gonzalez v.*

*Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739

(2002)). And "[b]ecause qualified immunity is an entitlement not to stand trial or face

the other burdens of litigation, questions of qualified immunity must be resolved at the

earliest possible stage in litigation. *Id.* Finally, "[w]hile qualified immunity is typically

addressed at the summary judgment stage of the case, the defense may be raised and

considered on a motion to dismiss; the motion will be granted if the 'complaint fails to

allege the violation of a clearly established constitutional right.'" *Chesser v. Sparks*, 248

F.3d 1117, 1121 (11th Cir. 2001) (quoting *Williams v. Ala. State. Univ.*, 102 F.3d 1179,

1182 (11th Cir. 1997)).

Case No. 8:12-CV-89-T-17TGW

Regardless of whether the counts against Baggett in his individual capacity will ultimately require dismissal on qualified immunity grounds, one thing is certain: Plaintiff's complaint is utterly devoid of the well-pleaded factual allegations contemplated—and indeed required—by *Iqbal* and *Twombly*. As it stands now, Plaintiff's claim boils down to the following: he called the police to report a burglary, Baggett responded to the call, Plaintiff was detained at Lakeland Regional Medical Center, and Baggett's motive in detaining him was a ploy "to deter further reporting of crimes by the Plaintiff." (Dkt. 1, ¶ 6–12). But Plaintiff fails to state why he was allegedly submitted to the hospital for an involuntary examination, nor *anything* for that matter as to what transpired between him and Deputy Baggett on the day in question. Further, Plaintiff's claims that his "arrest[]/detent[ion]/Baker Act[ing]" was "illegal[]" are mere legal conclusions of no constitutional moment. *See Iqbal*, 556 U.S. at 664 ("A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."). Put another way, Plaintiff's bald assertion that his detention and referral to Lakeland Regional Medical Center for an involuntary examination under the Baker Act was unconstitutional does not, *ipse dixit*, make it so.

To be sure, Plaintiff could show a violation of his Fourth Amendment rights in the specific context at issue in this case were he to allege facts that demonstrate Deputy Baggett did not "reasonably perceive[] probable cause to subject [Plaintiff] to an involuntary examination under the Baker Act." *Greer v. Hillsborough Cnty. Sheriff's*

Case No. 8:12-CV-89-T-17TGW

*Office*, No. 8:06-CV-213-T-23MSS, 2006 WL 2535050, at *2 (M.D. Fla. Aug. 31, 2006)

(Merryday, J.). But Plaintiff's complaint is wholly devoid of any *facts* regarding the

encounter between Baggett and Haely on January 26, 2011, Baggett's conduct on that

date, or anything else (save for bare legal conclusions) to indicate that Plaintiff's

constitutional rights were violated in the first instance. As a result, the Court can say

without compunction that Plaintiff's complaint at present fails to "state a claim to relief

that is plausible on its face." *Iqbal*, 556 U.S. at 678; *see Mamani v. Berzain*, 654 F3d

1148, 1153 (11th Cir. 2011) ("Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." (internal quotation marks and citations omitted)).

All of that, of course, says nothing as to whether qualified immunity is

appropriate here. Indeed, due to the asthenic nature of Plaintiff's complaint, the Court

is of the view that the qualified immunity calculus is best left for another day—perhaps

when Plaintiff amends his complaint. At this juncture, it is enough to say that Haely fails

to state a claim for a violation of his constitutional rights by Deputy Baggett. Count I of

Haely's complaint is dismissed without prejudice.

### B. Count II—42 U.S.C. § 1983 Against Baggett—Official Capacity

Having disposed of Haely's claim against Baggett in his individual capacity, the

claim against Baggett in his official capacity falls neatly into place, for it too plainly fails

to meet *Twombly* and *Iqbal*'s command. "Official-capacity suits . . . 'generally represent

7

Case No. 8:12-CV-89-T-17TGW

only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). Furthermore, "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* at 166. At bottom, then, Plaintiff's claim against Baggett in his official capacity is in actuality a claim against the municipality of Polk County itself.

And herein lies the problem for Plaintiff. To prevail on his claim against Baggett in his official capacity under § 1983, Haely must prove that actions taken under color of state law deprived him of some federal right, and that an *official* policy—"a municipal policy of some nature"—caused the constitutional tort. *Monell*, 436 U.S. at 691. "In other words, a municipality may not be found liable simply because one of its employees committed a tort." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997). Put yet another way:

> Section 1983 liability may not be premised solely upon a respondeat superior theory—i.e., a county may not be held liable solely by virtue of the employment relationship linking it to the offending employee. Rather, only deprivations undertaken pursuant to governmental "custom" or "policy" may lead to the imposition of governmental liability.

*Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989); *see Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) ("A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior,* for constitutional injuries inflicted by its employees.").

8

Case No. 8:12-CV-89-T-17TGW

Having laid out the proper legal standard, the reason that Plaintiff's Count II must be dismissed comes quickly into focus. Plaintiff's complaint does not contain a single factual assertion that would support Polk County or the Sheriff's Office having had some policy or custom that led to the alleged constitutional tort alleged here. And Plaintiff's failure to plead a policy or custom is no picayune failure—indeed, the policy requirement is the very font of entity liability under § 1983. *Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") Because Plaintiff's complaint lacks the policy or custom allegations that form the necessary predicate of entity liability under § 1983, Count II must fail. Defendant's motion to dismiss Count II is granted without prejudice.

### C. Counts III–XII—Supplemental Jurisdiction

This Court has original jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331. Jurisdiction over the remaining state-law claims, however, stems from the doctrine of supplemental jurisdiction, which provides that "in any civil action of which the district courts have original jurisdiction, [they] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2006); *see United Mine Workers of Am. v. Gibbs*,

9

Case No. 8:12-CV-89-T-17TGW

383 U.S. 715, 725 (providing that the constitutional "case or controversy" standard

confers supplemental jurisdiction over all supplemental claims arising from a "common

nucleus of operative fact" as the federal claims). Even where the requirements of

supplemental jurisdiction under § 1367(a) are sated, however, the district court has

discretion not to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction

28 U.S.C. § 1367(c); *see Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743

(11th Cir. 2006). And the Eleventh Circuit "has noted that 'if the federal claims are

dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state

claims.'" *Handi-Van Inc. v. Broward County*, 445 F. App'x 165, 170 (11th Cir. 2011)

(citation omitted) (quoting *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)).

Turning to the instant case, the Court has determined that both federal claims

(Counts I and II) should be dismissed without prejudice. In keeping with the foregoing

principles, that result would ordinarily lead the Court to also dismiss Counts III–XII, the

state-law claims over which this Court has supplemental jurisdiction. However, given

that Plaintiff will now have leave to amend Counts I and II, the Court will defer ruling on

Counts III–XII rather than dismissing them outright. In the event Plaintiff is able to state

Case No. 8:12-CV-89-T-17TGW

a claim for violation of his federal or constitutional rights upon amendment, the Court

will address the legal sufficiency of his supplemental claims at that time.  But should

Plaintiff ultimately fail to state a claim on his federal or constitutional counts, this Court

will decline jurisdiction and dismiss his supplemental claims, too.  With that being said,

it is

      **ORDERED** that Defendant's Motion to Dismiss (Dkt. 5) be **GRANTED**.

Defendant shall have fourteen (14) days to file an amended complaint.  Failure to timely

file an amended complaint will result in dismissal of all counts with prejudice.

      **DONE AND ORDERED** in Chambers, in Tampa, Florida this _3rd_ day of August,

2012.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

11